# EDWARD ROBERT TRUESDALE *v.* STATE OF MARYLAND

[No. 33, September Term, 1972.]

*Decided October 25, 1972.*

The cause was argued before THOMPSON, POWERS and CARTER, JJ.

*Alan J. Bloom* for appellant.

*Arrie W. Davis, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *Stephen L. Miles, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Edward Robert Truesdale seeks a reversal of his conviction of murder in the second degree by the Criminal Court of Baltimore because of errors in the application of the relatively new statute setting out a different test for criminal responsibility. The record shows such confusion among witnesses, counsel and the trial judge as to the meaning and application of the new statute that his conviction must be reversed and the case retried.

Under Md. Code, Art. 59, § 25 (a), which became effective July 1, 1970:

> "A defendant is not responsible for criminal conduct and shall be found insane at the time of the commission of the alleged crime if, at the time of such conduct as a result of mental disorder, he lacks substantial capacity either to ap-

preciate the criminality of his conduct or to conform his conduct to the requirements of law. As used in this section, the terms 'mental disorder' do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct."

Mental disorder is defined in Md. Code, Art. 59, § 3 (f) :

" 'Mental disorder' means mental illness or mental retardation or any other form of behavioral or emotional illness resulting from any psychiatric or neurological disorder."

In *Sherrill v. State,* 14 Md. App. 146, 286 A. 2d 528, (filed January 27, 1972) we reviewed the statute and held that it was applicable to all trials beginning on or after July 1, 1970, irrespective of the law in effect at the time the crime occurred. In *Young v. State,* 14 Md. App. 538, 288 A. 2d 198, (filed March 2, 1972, cert. den. Court of Appeals of Maryland, June 6, 1972) we held that the statute did not apply where the trial was conducted prior to the effective date of the new statute even though the case was pending on appeal on the effective date of the new statute. In both cases we reviewed the law extensively and there is no need for us to repeat that review.

The record shows that the crime was alleged to have occurred on December 1, 1969 and the trial began on May 5, 1971. In both *Sherrill* and *Young, supra,* we pointed out that under the new statute it must be determined whether or not the accused suffered a mental disorder as defined therein and if so, did it cause the accused to lack substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law. The record shows that the State's Attorney uniformly asked questions of the psychiatrists in the language of the new statute. The record also shows that defense counsel uniformly asked questions pertaining to whether or not the accused suffered from any "mental disease or defect" which was the test

under the prior statute. The trial judge in his questioning of the phychiatrists alternated between use of the term "mental disorder" and the terms "mental disease or defect." More importantly, in his opinion finding the accused sane at the time of the crime he did not once refer to the new statute or use the language "mental disorder."

In *Sherrill v. State,* 14 Md. App. at 156, we said:

> "We think it not unlikely that it was because of the wide differences of opinion among psychiatrists respecting interpretation of the term 'mental disease or defect,' as used in Section 9 (a), that the Legislature determined to make use of a more concrete standard that all alike could understand and uniformly apply. Thus, under the Section 25 (a) test of criminal responsibility, recognizing that an abnormality manifested only by repeated criminal or anti-social conduct cannot qualify as a 'mental disorder,' psychiatrists would first be asked the threshold question—whether the accused, at the time of the crime, had a mental disorder, i.e., a 'mental illness or mental retardation or any other form of behavioral or emotional illness'; if so, is it the result of 'any psychiatric or neurological disorder,' and, if so, did it cause the accused to lack substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law."

It would serve little useful purpose for us to review the testimony of the various psychiatrists except to state they would do well to become thoroughly familiar with the new statute as interpreted by *Sherrill* and *Young, supra,* before testifying at another trial.

*Judgment reversed.*
*Case remanded for a new trial.*